UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Students for Life of America**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Ann Gillespie**, et al., <br><br> Defendants. | Case No. 1:24-cv-11928 <br><br> Judge Jeffrey I. Cummings |

## JOINT INITIAL STATUS REPORT

**I.  The Nature of the Case:**

   A.  Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

| Counsel for Plaintiffs: | Counsel for Defendants: |
|---|---|
| JONATHAN F. MITCHELL <br> *Lead Trial Attorney* <br> Mitchell Law PLLC <br> 111 Congress Avenue, Suite 400 <br> Austin, Texas 78701 <br> (512) 686-3940 (phone) <br> (512) 686-3941 (fax) <br> jonathan@mitchell.law <br><br> THOMAS BREJCHA <br> PETER BREEN <br> Thomas More Society <br> 309 West Washington Street <br> Suite 1250 <br> Chicago, Illinois 60606 <br> (312) 782-1680 (phone) <br> (312) 782-1887 (fax) <br> info@thomasmoresociety.org | ELIZABETH MORRIS <br> Deputy Chief, Special Litigation Bureau <br> SARAH J. GALLO <br> ALICE L. RIECHERS <br> ELENA S. METH <br> Assistant Attorneys General <br> Office of the Attorney General of Illinois <br> 115 S. LaSalle Street, 35th Floor <br> Chicago, Illinois 60603 <br> (773) 590-7965 (phone) <br> elizabeth.morris@ilag.gov <br> sarah.gallo@ilag.gov <br> alice.riechers@ilag.gov <br> elena.meth@ilag.gov |

B.  Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

    The plaintiffs are suing to enjoin Illinois state officials from enforcing state laws that compel state-regulated private health insurers to cover abortion and abortion-inducing drugs without cost-sharing arrangements. The plaintiffs claim that the defendants' enforcement of these laws violates their constitutional right to freely exercise their religion, because they allege that they cannot purchase state-regulated private health insurance without subsidizing and becoming complicit in other people's abortions. The plaintiffs also contend that Illinois's compulsory abortion-coverage laws violate federal statutes such 18 U.S.C. §§ 1461–1462, the Coates–Snowe amendment (42 U.S.C. § 238n(a)), and the Weldon Amendment. The organizational plaintiffs bring an expressive association claim under the First Amendment.

C.  Briefly identify the major legal and factual issues in the case.

    **Plaintiffs' Position:**
    Plaintiffs assert that the major factual issue in this case is the extent to which Illinois's compulsory abortion-coverage laws limit the plaintiffs' ability to obtain health insurance that does not force them to subsidize and become complicit in other people's abortions.

    Plaintiffs assert that the major legal issues in this case are: (1) Whether 215 ILCS 5/356z.4a or 215 ILCS 5/356z.60 qualify as neutral and generally applicable law under *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990); (2) Whether the defendants' enforcement of 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60 substantially burdens the plaintiffs' free exercise of religion; (3) Whether the defendants' refusal to provide religious exceptions or accommodations in 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60 is the "least restrictive means" of advancing a "compelling governmental interest"; (4) Whether the defendants' enforcement of 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60 further violates the constitutional rights of Students for Life, Pro-Life Action League, and Illinois Right to Life by abridging their First Amendment right of expressive association; (5) Whether the defendants' enforcement of Illinois's compulsory abortion-coverage laws is preempted by 18 U.S.C. §§ 1461–1462, the Coates–Snowe Amendment (42 U.S.C. § 238n(a)), or the Weldon Amendment.

    **Defendants' Position:**
    Defendants assert that a major issue in this case is whether Plaintiffs have Article III standing to challenge provisions of the Illinois Insurance Code that do not apply to them. Other major issues include other health insurance products available to Plaintiffs that are not subject to the challenged state laws; lack

of private causes of action under the Comstock Act, Coates-Snowe Amendment, and Weldon Amendment; and whether the challenged laws violate Plaintiffs' free exercise and expressive association rights under the First Amendment.

D. State the relief sought by any of the parties.

**Plaintiffs' Position:**
The plaintiffs are seeking a declaratory judgment that the defendants' enforcement of 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60: (1) Violates each of the plaintiffs' constitutional rights under the Free Exercise Clause; (2) Violates each of the organizational plaintiffs' constitutional right of expressive association under the First Amendment; and (3) Is preempted by 18 U.S.C. §§ 1461–1462, the Coates–Snowe amendment (42 U.S.C. § 238n(a)), and the Weldon Amendment.

The plaintiffs are also seeking a permanent injunction that will: (1) restrain the defendants from enforcing 215 ILCS 5/356z.4a or 215 ILCS 5/356z.60; and (2) Compel Acting Director Gillespie and her successors to require every state-regulated health-insurance issuer to offer and make available health-insurance policies that exclude abortion coverage to any individual or employer who asks for such a policy, and to ensure that none of the premiums collected from policies that exclude abortion coverage are used to directly or indirectly subsidize elective abortions or the coverage of elective abortions or abortion-inducing drugs in any way.

The plaintiffs are also seeking a recovery of court costs and reasonable attorney's fees under 42 U.S.C. § 1988, as well as all other relief that the Court deems just, proper, or equitable.

**Defendants' Position:**
Defendants deny that Plaintiffs are entitled to the relief sought and are seeking dismissal of the case.

II. **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A. Identify all federal statutes on which federal question jurisdiction is based.

28 U.S.C. § 1331 and 28 U.S.C. § 1343.

B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

1. State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute). **N/A**

2. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. **N/A**

III. **Status of Service:** Identify any defendants that have not been served.

   All defendants waived service.

IV. **Motions:**

   A. Briefly describe any pending motions.

   The defendants intend to file a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) on February 3, 2025.

   B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

   The defendants intend to file a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) on February 3, 2025.

V. **Case Plan:**

   A. Submit a proposal for a discovery plan, including the following information:

   1. The general type of discovery needed;

   2. A date for Rule 26(a)(1) disclosures;

   3. First date by which to issue written discovery;

   4. A fact discovery completion date;

   5. An expert discovery completion date, including dates for the delivery of expert reports; and

   6. A date for the filing of dispositive motions.

    Because the defendants intend to move to dismiss the entire complaint, the parties propose that they submit their case plan after this Court's ruling on the pending motion to dismiss, which will determine the scope and extent of needed discovery.

B. With respect to trial, indicate the following:

1. Whether a jury trial is requested; and

2. The probable length of trial.

    The plaintiffs are not seeking damages so they cannot demand a jury trial. If this case proceeds to trial, the parties anticipate a trial that would last approximately two weeks.

**VI. Consent and Settlement Discussions:**

A. The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties unanimously consent to do so.

    Counsel have advised their clients that they may proceed before a Magistrate Judge but there is not unanimous consent to proceed before a Magistrate Judge.

B. Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.

    The parties do not believe this case is conducive to settlement, so they have not discussed settlement and do not request a settlement conference.

## CERTIFICATE OF SERVICE

I certify that on January 19, 2025, I served this document through CM/ECF upon:

ELIZABETH MORRIS
Deputy Chief, Special Litigation Bureau
SARAH J. GALLO
ALICE L. RIECHERS
ELENA S. METH
Assistant Attorneys General
Office of the Attorney General of Illinois
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
(773) 590-7965 (phone)
elizabeth.morris@ilag.gov
sarah.gallo@ilag.gov
alice.riechers@ilag.gov
elena.meth@ilag.gov

*Counsel for Defendants*

      /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*