IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Students for Life of America, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Ann Gillespie, Acting Director of the Illinois Department of Insurance; Kwame Raoul, Attorney General of Illinois; and J.B. Pritzker, Governor of Illinois, <br><br> Defendants. | Case No. 1:24-cv-11928 <br><br> District Judge Jeffrey I. Cummings <br> Magistrate Judge Beth W. Jantz |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(1) AND 12(b)(6)

Defendants Acting Director of the Illinois Department of Insurance Ann Gillespie, Illinois Attorney General Kwame Raoul, and Illinois Governor J.B. Pritzker, by their attorney, the Illinois Attorney General, move for dismissal of Plaintiffs' Complaint (Dkt. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### BACKGROUND

1. Plaintiffs are organizations and individuals challenging two insurance provisions of the Reproductive Health Act, 215 ILCS 5/356z.4a and 5/356z.60 (the "RHA Provisions"). The RHA Provisions require insurance companies and managed care entities that are regulated by the Illinois Department of Insurance (the "Department") to cover abortion care in any health insurance product that includes pregnancy care, without cost-sharing.

1

2. Plaintiffs allege that the RHA Provisions impact their ability to obtain an affordable health insurance product regulated by the Department that does not cover abortion care. *See, e.g.,* Compl. ¶¶25, 52, 56, 65.

3. Plaintiffs ask the Court to declare the RHA Provisions unlawful and enter a permanent injunction preventing Defendants from enforcing them. Plaintiffs also seek a permanent injunction that they claim will result in the availability of a health insurance product that meets their wishes, namely compelling the Department:

> to require every state-regulated health-insurance issuer to offer and make available health-insurance policies that exclude abortion coverage to any individual or employer who asks for such a policy, and to ensure that none of the premiums collected from policies that exclude abortion coverage are used to directly or indirectly subsidize elective abortions or the coverage of elective abortions or abortion-inducing drugs in any way.

*Id.* at ¶125.

4. The Complaint asserts constitutional and statutory claims. The constitutional claims, Free Exercise (Claim 1) and expressive association (Claim 2), are brought under the First Amendment. The statutory claims allege preemption under the Comstock Act (Claim 3), the Coats-Snowe Amendment (Claim 4), and the Weldon Amendment (Claim 5).

## ARGUMENT

**The Complaint must be dismissed pursuant to Rule 12(b)(1) because Plaintiffs lack standing.**

5. The Court should dismiss the entire Complaint under Rule 12(b)(1) because Plaintiffs fail to plead standing to challenge the RHA Provisions.

6. The RHA Provisions only apply to insurance companies and managed care entities that sell Department-regulated health insurance products. No insurer is a party in this lawsuit.

7. The RHA Provisions do not apply to Plaintiffs as beneficiaries or premium payers of health insurance products. Plaintiffs therefore cannot allege they suffer a direct harm.

8. Plaintiffs' attenuated theory of indirect injury is not fairly traceable to Defendants. Plaintiffs are not required to buy Department-regulated health insurance. And there are alternative health insurance options that are not regulated by the Department, and thus not subject to the RHA Provisions. Accordingly, any purported indirect harm suffered by Plaintiffs is not the result of the RHA Provisions.

9. Plaintiffs also fail to allege how their requested injunctive relief would redress their alleged injury because Defendants cannot force non-party insurers to offer a health insurance product with the care coverage limitations demanded by Plaintiffs.

10. Finally, Plaintiff Students for Life of America fails to plead associational standing because they do not allege how at least one member would have standing to sue in their own right.

**Statutory claims are not actionable by Plaintiffs and must be dismissed pursuant to Rule 12(b)(6).**

11. Plaintiffs also fail to state claims upon which relief can be granted that the Comstock Act and Coats-Snowe and Weldon Amendments preempt the RHA Provisions because the cited statutes do not provide private causes of action. The Comstock Act is a federal criminal statute. The Coats-Snowe and Weldon Amendments are regulations limiting dispersal of federal funding.

12. These statutes also are not privately enforceable under Section 1983, the Declaratory Judgment Act, or the *Ex parte Young* doctrine.

13. Finally, these statutory claims fail as a matter of law. The Comstock Act does not supplant state law regulating abortion care or categorically prohibit obtaining abortion products,

nor do the RHA Provisions cause Plaintiffs to aid and abet a crime. Further, the Coats-Snowe and Weldon Amendments do not apply to Plaintiffs at all as they do not allege that they receive federal funding.

**Constitutional claims must be dismissed pursuant to Rule 12(b)(6) because the RHA Provisions comply with the First Amendment.**

14. Claim 1 should be dismissed under Rule 12(b)(6) because Plaintiffs fail to state a Free Exercise claim as the RHA Provisions are neutral, generally applicable, and rationally related to a valid government purpose. The exemptions in the RHA Provisions do not undermine generally applicability as a matter of law.

15. Organization-Plaintiffs' attempt to trigger strict scrutiny by alleging a hybrid-rights claim fails because both of their First Amendment claims are deficient. Claim 2 fails to state an expressive association claim as purchasing insurance is not expressive conduct, nor do organization-Plaintiffs allege that the RHA Provisions significantly affect their abilities as individual groups to advocate their viewpoints.

**Governor Pritzker and Attorney General Raoul are not properly named parties.**

16. Finally, the Court should dismiss the Governor and Attorney General as Defendants under Rule 12(b)(1) because they do not enforce the RHA Provisions.

**The parties have agreed on a briefing schedule for this Motion to Dismiss.**

17. Pursuant to the Court's standing order on motions to dismiss and the Court's order (Dkt. 12), the parties agree to the following briefing schedule for this Motion:

   a. Plaintiffs' response is due on March 3; and

   b. Defendants' reply is due on March 17, 2025.

**CONCLUSION**

For these reasons and those stated in Defendants' Memorandum of Law in support of their Motion to Dismiss the Complaint under Rules 12(b)(1) and 12(b)(6), the Court should dismiss the Complaint (Dkt. 1).

Dated: February 3, 2025

                                                KWAME RAOUL
                                                *Attorney General of Illinois*

                                                */s/ Elizabeth Morris*
                                                Elizabeth Morris
                                                Sarah J. Gallo
                                                Alice Riechers
                                                Elena S. Meth
                                                Office of the Illinois Attorney General

                                                *Counsel for Defendants*