# Illinois General Assembly

Home    Legislation & Laws    Senate    House    My Legislation    Site Map

Bills & Resolutions

Compiled Statutes

Public Acts

Legislative Reports

IL Constitution

Legislative Guide

Legislative Glossary

**Search By Number
(example: HB0001)**
[ ] Go
Search Tips

**Search By Keyword**
[ ] Go
Search Tips

Advanced Search





## Illinois Compiled Statutes

**ILCS Listing    Public Acts    Search    Guide    Disclaimer**

**Information maintained by the Legislative Reference Bureau**
Updating the database of the Illinois Compiled Statutes (ILCS) is an ongoing process. Recent laws may not yet be included in the ILCS database, but they are found on this site as Public Acts soon after they become law. For information concerning the relationship between statutes and Public Acts, refer to the Guide.

Because the statute database is maintained primarily for legislative drafting purposes, statutory changes are sometimes included in the statute database before they take effect. If the source note at the end of a Section of the statutes includes a Public Act that has not yet taken effect, the version of the law that is currently in effect may have already been removed from the database and you should refer to that Public Act to see the changes made to the current law.

```
    (215 ILCS 5/356z.60)
    Sec. 356z.60. Coverage for abortifacients, hormonal therapy,
and human immunodeficiency virus pre-exposure prophylaxis and
post-exposure prophylaxis.
    (a) As used in this Section:
        "Abortifacients" means any medication administered to
terminate a pregnancy as prescribed or ordered by a health care
professional.
        "Health care professional" means a physician licensed to
practice medicine in all of its branches, licensed advanced
practice registered nurse, or physician assistant.
        "Hormonal therapy medication" means hormonal treatment
administered to treat gender dysphoria.
        "Therapeutic equivalent version" means drugs, devices, or
products that can be expected to have the same clinical effect
and safety profile when administered to patients under the
conditions specified in the labeling and that satisfy the
following general criteria:
            (1) it is approved as safe and effective;
            (2) it is a pharmaceutical equivalent in that it:
                (A) contains identical amounts of the same
            active drug ingredient in the same dosage form and route
            of administration; and
                (B) meets compendial or other applicable
            standards of strength, quality, purity, and identity;
            (3) it is bioequivalent in that:
                (A) it does not present a known or potential
            bioequivalence problem and it meets an acceptable in
            vitro standard; or
                (B) if it does present such a known or
            potential problem, it is shown to meet an appropriate
            bioequivalence standard;
            (4) it is adequately labeled; and
            (5) it is manufactured in compliance with Current
```

Good Manufacturing Practice regulations adopted by the United States Food and Drug Administration.

 (b) An individual or group policy of accident and health insurance amended, delivered, issued, or renewed in this State on or after January 1, 2024 shall provide coverage for all abortifacients, hormonal therapy medication, human immunodeficiency virus pre-exposure prophylaxis, and post-exposure prophylaxis drugs approved by the United States Food and Drug Administration, and follow-up services related to that coverage, including, but not limited to, management of side effects, medication self-management or adherence counseling, risk reduction strategies, and mental health counseling. This coverage shall include drugs approved by the United States Food and Drug Administration that are prescribed or ordered for off-label use for the purposes described in this Section.

 (c) The coverage required under subsection (b) is subject to the following conditions:

  (1) If the United States Food and Drug Administration has approved one or more therapeutic equivalent versions of an abortifacient drug, a policy is not required to include all such therapeutic equivalent versions in its formulary so long as at least one is included and covered without cost sharing and in accordance with this Section.

  (2) If an individual's attending provider recommends a particular drug approved by the United States Food and Drug Administration based on a determination of medical necessity with respect to that individual, the plan or issuer must defer to the determination of the attending provider and must cover that service or item without cost sharing.

  (3) If a drug is not covered, plans and issuers must have an easily accessible, transparent, and sufficiently expedient process that is not unduly burdensome on the individual or a provider or other individual acting as a patient's authorized representative to ensure coverage without cost sharing.

 The conditions listed under this subsection (c) also apply to drugs prescribed for off-label use as abortifacients.

 (d) Except as otherwise provided in this Section, a policy subject to this Section shall not impose a deductible, coinsurance, copayment, or any other cost-sharing requirement on the coverage provided. The provisions of this subsection do not apply to coverage of procedures to the extent such coverage would disqualify a high-deductible health plan from eligibility for a health savings account pursuant to the federal Internal Revenue Code, 26 U.S.C. 223.

 (e) Except as otherwise authorized under this Section, a policy shall not impose any restrictions or delays on the coverage required under this Section.

 (f) The coverage requirements in this Section for abortifacients do not, pursuant to 42 U.S.C. 18054(a)(6), apply to a multistate plan that does not provide coverage for abortion.

 (g) If the Department concludes that enforcement of any coverage requirement of this Section for abortifacients may adversely affect the allocation of federal funds to this State, the Department may grant an exemption to that requirement, but only to the minimum extent necessary to ensure the continued receipt of federal funds.

(Source: P.A. 102-1117, eff. 1-13-23; 103-462, eff. 8-4-23.)

Home | Legislation & Laws | House | Senate | My Legislation | Disclaimers | Email



This site is maintained for the Illinois General Assembly by the
Legislative Information System, 705 Stratton Building, Springfield, Illinois 62706
Contact ILGA Webmaster