UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Students for Life of America**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Ann Gillespie**, in her official capacity as director of the Illinois Department of Insurance, <br><br> Defendant. | Case No. 1:24-cv-11928 <br><br> Judge Jeffrey I. Cummings |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On June 26, 2025, the Supreme Court announced its ruling in *Gutierrez v. Saenz*, No. 23-7809 (2025). *Gutierrez* confirms that the plaintiffs have sufficiently alleged redressability at this stage of the proceedings.

The plaintiff in *Gutierrez* is a convicted murderer and death-row inmate who wants certain pieces of evidence turned over to him for post-conviction DNA testing. Mr. Gutierrez is not contesting his guilt of the crimes for which he has been convicted; he is asserting only that post-conviction DNA testing might show that he fails to qualify for capital punishment under the Supreme Court's rulings in *Enmund v. Florida*, 458 U.S. 782 (1982); *Tison v. Arizona*, 481 U. S. 137, 157–158 (1987). Mr. Gutierrez repeatedly sought DNA testing in state court, but each time the state courts turned him aside because Texas law allows convicts to obtain post-conviction DNA testing only when it could prove their innocence of the underlying crime. The state courts also held that Mr. Gutierrez faced a separate and independent obstacle to post-conviction DNA testing because the evidence at trial sufficiently established Mr. Gutierrez's eligibility for the death penalty under *Enmund* and *Tison*—and that

would remain the case no matter what the results of the sought-after DNA testing might reveal. *See Ex parte Gutierrez*, 337 S.W.3d 883, 901–02 (Tex. Crim. App. 2011) ("DNA testing . . . would not overcome the overwhelming evidence of his direct involvement in the multi-assailant murder.").

After his state-court litigation failed, Mr. Gutierrez sued the local district attorney in federal court and sought a declaration that Texas law unconstitutionally limits his ability to access evidence for post-conviction DNA testing. The district court agreed with some (though not all) of Mr. Gutierrez's constitutional arguments, and declared the Texas statute unconstitutional to the extent it precludes post-conviction DNA testing for death-row inmates who concede their guilt yet seek DNA testing to establish their ineligibility for capital punishment. The district attorney appealed, and the Fifth Circuit held that Mr. Gutierrez lacked Article III standing to seek the declaratory relief awarded by the district court because he had failed to show that this relief was "likely" to redress his Article III injuries. The injury that Mr. Gutierrez alleged was his inability to obtain post-conviction DNA testing under Texas law, yet the Fifth Circuit observed that Texas law would *still* preclude Mr. Gutierrez from testing the relevant evidence even if the relief issued by the district court would eliminate any need for Mr. Gutierrez to show that the sought-after DNA testing might establish his innocence of the underlying offense. The Fifth Circuit held that Mr. Gutierrez had failed to establish redressability because he would remain statutorily ineligible for post-conviction DNA testing for a separate and independent reason, as the evidence at trial sufficed to show Mr. Gutierrez's eligibility for the death penalty and nothing that the desired DNA testing might reveal would change that fact. *See Gutierrez*, 337 S.W.3d at 901–02.

The Supreme Court reversed the Fifth Circuit and held that Mr. Gutierrez had established redressability under Article III. First, the justices held that redressability

turns on whether the relief requested in the complaint will remedy the plaintiffs' injuries, and they rebuked the Fifth Circuit for inquiring into whether the relief that Mr. Gutierrez ultimately obtained from the district court would redress his inability to obtain post-conviction DNA testing:

> To the extent the Fifth Circuit based its assessment of redressability on the declaratory judgment the District Court later issued, rather than Gutierrez's complaint, it turned the Article III standing inquiry on its head. Gutierrez's "standing to bring this suit[]" . . . does not depend on the relief the District Court granted on the merits.

*Gutierrez v. Saenz*, No. 23-7809, slip op. at 9–10 (2025); *see also id*. at 9 ("Gutierrez's complaint . . . is the proper focus of the standing inquiry here."); *id*. at 1 (Barrett, J., concurring in part and concurring in the judgment) ("[T]he Fifth Circuit . . . failed to consider the breadth of the relief that Gutierrez requested in his complaint."). *Gutierrez* confirms that the plaintiffs in this case need only to show that the relief *requested* in their complaint is likely to remedy their Article III injuries—not that their injuries will be redressed by the relief that this Court thinks the plaintiffs are ultimately entitled to receive. *See* Pls.' Br., ECF No. 29, at 3–9.

The Supreme Court also held that the Fifth Circuit erred by requiring Mr. Gutierrez to show that a favorable court ruling would cause state officials to turn over the requested evidence for DNA testing. It was enough that the requested relief would remove one of the state-imposed barriers to the sought-after DNA testing, even if other barriers to that testing might remain:

> That a prosecutor might eventually find another reason, grounded in Article 64 or elsewhere, to deny a prisoner's request for DNA testing does not vitiate his standing to argue that the cited reasons violated his rights under the Due Process Clause. *See, e.g.*, *Federal Election Comm'n v. Akins*, 524 U.S. 11, 25 (1998) ("[T]hose adversely affected by a discretionary agency decision generally have standing to complain that the agency based its decision upon an improper legal ground . . . even though the agency . . . might later, in the exercise of its lawful discretion, reach the same result for a different reason"); *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 572, n.7 (1992) ("[U]nder our case law, one living adjacent to the site for proposed construction of a federally licensed dam has standing to challenge the licensing agency's failure to prepare an environmental impact statement, even though he cannot establish with any certainty that the statement will cause the license to be withheld or altered . . . ").

*Gutierrez v. Saenz*, No. 23-7809, slip op. at 12–13 (2025). So the plaintiffs in this case do not even need to allege that their requested relief will cause private insurers in Illinois to scale back their coverage of elective abortions.[1] *Gutierrez* establishes that the plaintiffs have Article III standing by virtue of the fact that the requested relief will remove one of the obstacles to that desired goal, and that means the plaintiffs have standing even if every state-regulated health-insurance policy continues covering elective abortions after the Secretary is enjoined from enforcing 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60.

We have attached a copy of *Gutierrez* to this notice.

Respectfully submitted.

|  |  |
|---|---|
| THOMAS BREJCHA<br>PETER BREEN<br>Thomas More Society<br>309 West Washington Street, Suite 1250<br>Chicago, Illinois 60606<br>(312) 782-1680 (phone)<br>(312) 782-1887 (fax)<br>info@thomasmoresociety.org | /s/ Jonathan F. Mitchell<br>JONATHAN F. MITCHELL<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law |
| Dated: June 30, 2025 | *Counsel for Plaintiffs* |

---

1. Although the plaintiffs have alleged exactly that, and this allegation must be presumed true at this stage of the litigation. *See* Second Amended Complaint, ECF No. 19, at ¶ 58 ("If the enforcement of 215 ILCS 5/356z.4a and 215 ILCS 5/356z.60 is declared unconstitutional and enjoined, then at least some private insurers in Illinois will respond by offering state-regulated health-insurance plans that exclude or limit coverage for elective abortion."); *see also id.* at ¶¶ 68, 76, 84, 93, 102, 111, 120, 129, 138, 146, 154, 162, 171 (similar allegations).

# CERTIFICATE OF SERVICE

I certify that on June 30, 2025, I served this document through CM/ECF upon:

Elizabeth Morris
Sarah J. Gallo
Alice L. Riechers
Elena S. Meth
Office of the Illinois Attorney General
Special Litigation Bureau
115 South LaSalle Street, 35th Floor
Chicago, Illinois 60603
(312) 814-3000
elizabeth.morris@ilag.gov
sarah.gallo@ilag.gov
alice.riechers@ilag.gov
elena.meth@ilag.gov

*Counsel for Defendants*

                        /s/ Jonathan F. Mitchell
                        Jonathan F. Mitchell
                        *Counsel for Plaintiffs*