# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Students for Life of America, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>Ann Gillespie, Acting Director of the Illinois Department of Insurance<br><br>      Defendant. | Case No. 1:24-cv-11928<br><br>District Judge Jeffrey I. Cummings<br>Magistrate Judge Beth W. Jantz |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Acting Director of the Illinois Department of Insurance Ann Gillespie, by her attorney, the Illinois Attorney General, hereby notices the Court of supplemental authority in support of her Motion to Dismiss Plaintiffs' Second Amended Complaint. (Dkt. 25.)

1.      On February 27, 2025, Plaintiffs filed their Second Amended Complaint. (Dkt. 19.)

2.      On March 31, 2025, Defendant filed her Motion to Dismiss Plaintiffs' Second Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 25.)

3.      As of June 13, 2025, the motion has been fully briefed by all parties. (*See* Dkt. 25, 26, 29, 35.)

4.      On June 26, 2025, the United States Supreme Court issued its decision in *Medina v. Planned Parenthood South Atlantic*, No. 23-1275, 606 U.S. ___. The *Medina* decision further supports Defendant's Motion to Dismiss for the reasons set forth below.

5.      In its decision, the Supreme Court affirmed its prior decisions in *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) and *Health and Hospital Corporation of Marion Cty. v. Talevski*, 599

1

U.S. 166 (2023), that federal statutes create individual rights only in rare instances. *Medina* at 6, 12, 13. If an individual wishes to assert a purported individual right in a federal law using Section 1983, the invoked statute must show that rights, and not merely benefits, are conferred to an individual. *Id.* at 6. The statute must "clearly and unambiguously use[] rights-creating terms," with an "unmistakable focus on individuals" seeking to assert the right. *Id.* at 6 (removing internal quotation marks).

6.      Moreover, the Supreme Court noted that federal spending-power statutes are "especially unlikely" to confer such individual rights. *Id.* at 8.  It affirmed its prior holding in *Gonzaga*, that "[s]pending-power legislation . . . cannot provide the basis for a § 1983 enforcement suit unless Congress 'speaks with a clear voice, and manifests an unambiguous intent to confer individual rights.'" *Medina* at 12 (citing *Gonzaga*, 536 U.S. at 280). The Supreme Court went on to confirm that *Talevski* reaffirmed these points, and that the standard is "a 'demanding bar' and a 'significant hurdle' that will be cleared in only the 'atypical case.'" *Medina* at 13 (citing *Talevski*, 599 U.S. at 180, 183-84). And as the Supreme Court further explained, "[I]f existing remedies prove insufficient, Congress can create new ones." *Medina* at 23.

7.      The *Medina* decision confirms that, pursuant to *Talevski* and *Gonzaga*, Plaintiffs cannot use Section 1983 to enforce the Coats-Snowe and Weldon Amendments. The Amendments are spending-clause statutes that do not contain an unambiguous intent to confer individual rights onto any of the Plaintiffs. (*See* Dkt. 26 at 25-26; Dkt. 35 at 16-19.)[1]

8.      The *Medina* decision is attached at Exhibit A-1.

---

[1] "Dkt. at __" refers to the docket and page number generated by the ECF system.

Dated: June 30, 2025                    Respectfully submitted,

                                        KWAME RAOUL
                                        *Attorney General of Illinois*


                                        /s/ Elizabeth Morris
                                        Elizabeth Morris, ARDC #6297239
                                        Sarah J. Gallo, ARDC #6320644
                                        Alice L. Riechers, ARDC #6272933
                                        Elena S. Meth, ARDC # 6346041
                                        Office of the Illinois Attorney General
                                        Special Litigation Bureau
                                        115 S. LaSalle Street, 35th Floor
                                        Chicago, IL 60603
                                        312-814-3000
                                        elizabeth.morris@ilag.gov
                                        sarah.gallo@ilag.gov
                                        alice.riechers@ilag.gov
                                        elena.meth@ilag.gov

                                        *Counsel for Defendant*